UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DOUGLAS OLITSKY,

                      Plaintiff,

-against-

LIEUTENANT MARC TIMPANO, individually,
POLICE OFFICER TIMOTHY METZGER,
individually, and THE COUNTY OF NASSAU,

                      Defendants.
------------------------------------------------------------X

**24-cv-00148**

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, DOUGLAS OLITSKY, by his attorneys, HARFENIST KRAUT & PERLSTEIN, LLP, as and for a complaint, allege as follows:

## NATURE OF THE ACTION

1. This is an action seeking monetary damages related to the deprivation of Plaintiff Douglas Olitsky's civil rights guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution committed by the above-named defendants.

2. The Plaintiff bases this action upon the abject failure of the County of Nassau to provide prompt and meaningful post deprivation process as required under the Fourteenth Amendment, the Second Circuit Court of Appeals and multiple District Court decisions.

## JURISDICTION

3. Jurisdiction is proper in this Court pursuant to 28 USC §1331, 28 USC §1367(a) and 42 USC §1983 in that the actions taken by the municipal defendants violated the Plaintiff's civil rights.

## VENUE

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) since all of the events occurred in Nassau County which is located in the Eastern District of New York.

## PARTIES

5. Plaintiff, Douglas Olitsky ("Olitsky") is a resident of the State of New York and lives in Nassau County.

6. Lieutenant Marc Timpano ("Timpano") who is being sued in his individual capacity, is the supervisor of the Nassau County Police Department's Pistol License Section ("NCPD PLS"). Upon information and belief, at all relevant times described herein, Timpano was acting under color of state law within the scope of his employment with the Nassau County Police Department.

7. Police Officer Timothy Metzger ("Metzger") who is being sued in his individual capacity, is a Nassau County Police Officer who is assigned to the NCPD PLS. Upon information and belief, at all relevant times described herein,

Metzger was acting under color of state law within the scope of his employment with the Nassau County Police Department.

8. The County of Nassau ("Nassau") is a municipal subdivision of the State of New York, duly existing by reason of and pursuant to the laws of the State of New York.

## STATEMENT OF FACTS

9. Olitsky is a New York resident who has resided in Nassau County since 1999.

10. In June 1999, Olitsky applied for a target and hunting pistol license from the Nassau County Police Department.

11. Prior to June 1999, Olitsky had been issued a target and hunting pistol license by the Suffolk County Police Department.

12. Following his application, the Suffolk County license was transferred to Nassau County.

13. In and around September 2013, the Nassau County Police Department issued a renewal of Olitsky's target and hunting pistol license with an expiration date of November 30, 2018.

14. In October 2018, Olitsky was issued a Notice of Suspension by the Nassau County Police Department.

15. The Notice of Suspension indicated "[i]f you wish to avoid an investigation by the Pistol License Section regarding this suspension, you may request a cancellation of your license by providing this office with a notarized written letter requesting your license be cancelled."

16. Olitsky did not request that his license be cancelled.

17. The Notice of Suspension also indicated "you must surrender these weapons and your pistol license to the Nassau County Pistol License Section."

18. As required under the Notice of Suspension and the Nassau County Pistol License Handbook, on October 4, 2018, Olitsky surrendered all of his firearms and his pistol license to the NCPD.

19. When surrendering his firearms and license, Olitsky was requested by Metzger to provide certain documentation related to his employment at the time.

20. In compliance with this request, within a few weeks Olitsky provided the requested information and documentation to Metzger.

21. After providing the materials to Metzger in October 2018, Olitsky did not receive any further requests from Metzger.

22. In fact, the Nassau County Police Department Pistol License Section did not contact Olitsky at all following his surrender of his license and weapons and his provision of the requested materials in October 2018.

23. Although Olitsky was advised at the time that he surrendered his license and weapons that the Nassau County Police Department Pistol License Section would be conducting an investigation, he was never informed of the results of the investigation.

24. Upon information and belief, the Nassau County Police Department Pistol License Section did not conduct an investigation.

25. In July 2023, having never heard from the Nassau County Police Department Pistol License Section for nearly five (5) years, Olitsky though counsel wrote to the Nassau County Police Department Pistol License Section to request a copy of the determination of the investigation.

26. The letter further indicated that if the Nassau County Police Department Pistol License Section had not concluded their investigation, they should immediately reinstate the license and return all of Olitsky's possessions.

27. In response to this letter, Metzger contacted Olitsky to advise that he should not utilize an attorney in order to obtain reinstatement and that he needed to make an appointment to come in to see the Nassau County Police Department Pistol License Section without an attorney.

28. Thereafter by letter dated July 29, 2023, Olitsky again wrote to the Nassau County Police Department Pistol License Section to request that his pistol license be reinstated and his possessions be returned.

29. Again, Metzger contacted Olitsky and told him that he should not utilize an attorney and that he needed to make an appointment to come in to see the Nassau County Police Department Pistol License Section without an attorney.

30. On September 13, 2023, Olitsky appeared at the Nassau County Police Department Pistol License Section and had his pistol license and possessions returned to him.

### AS AND FOR A FIRST CAUSE OF ACTION
### FOR VIOLATION OF PLAINTIFFS'
### SECOND AMENDMENT RIGHTS

31. Plaintiffs repeat, reallege and reiterate the allegations in paragraphs one through thirty as if more fully set forth hereat.

32. On October 4, 2018, the Nassau County Police Department took possession of Olitsky's pistol license and firearms.

33. Olitsky was never arrested.

34. Olitsky was never charged with a crime.

35. Olitsky was never the subject of an Order of Protection.

36. The Nassau County Police Department Pistol License Section has a well-established history of delaying the investigation of licensees who are under suspension.

37. The Nassau County Police Department Pistol License Section has a well-established history of delaying the reinstatement of suspended licenses.

38. The Nassau County Police Department Pistol License Section has a well-established history of failing to communicate with licensees.

39. Upon information and belief, the failure to return the firearms was made pursuant to a longstanding policy of the Nassau County Police Department to delay any and all investigations of license suspensions.

40. The policy was implemented and/or designed by Timpano, acting in his capacity as supervisor of the Nassau County Police Department Pistol License Section.

41. The policy was implemented and/or designed by Metzger, acting in his capacity as a police officer/investigator of the Nassau County Police Department Pistol License Section.

42. The retention of firearms constitutes a violation of Olitsky's Second Amendment rights.

43. As a proximate result of Defendants' intentional actions, Plaintiff has been damaged in an amount to be provided at trial but no less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

**AS AND FOR A SECOND CAUSE OF ACTION
VIOLATION OF PLAINTIFF'S
FOURTEENTH AMENDMENT DUE PROCESS RIGHTS**

44. Plaintiff repeats, realleges and reiterates the allegations in paragraphs one through forty-three as if more fully set forth hereat.

45. Olitsky had a protected property interest in his pistol license under the 14th Amendment to the United States Constitution.

46. The Defendants did not have unfettered discretion to suspend the pistol licenses.

47. The Defendants could not suspend the pistol licenses except upon a showing of good cause.

48. Olitsky had a strong interest in maintaining his pistol license under the 14th Amendment to the United States Constitution.

49. The Defendants did not provide Olitsky with a pre-deprivation hearing.

50. The Defendants did not have exigent circumstances which justified the failure to provide a pre-deprivation hearing.

51. The Defendants' failure to provide a pre-deprivation hearing caused damage to Olitsky constitutes a violation of his Fourteenth Amendment rights.

52. As a proximate result of Defendants' intentional actions, Olitsky has been damaged in an amount to be provided at trial but no less than FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus punitive damages and attorney's fees.

## AS AND FOR A THIRD CAUSE OF ACTION
## VIOLATION OF PLAINTIFF'S
## FOURTEENTH AMENDMENT DUE PROCESS RIGHTS

53. Plaintiff repeats, realleges and reiterates the allegations in paragraphs one through fifty-two as if more fully set forth hereat.

54. Olitsky had a protected property interest in his pistol license under the 14th Amendment to the United States Constitution.

55. The Defendants did not have unfettered discretion to suspend the pistol license.

56. The Defendants could not suspend the pistol license except upon a showing of good cause.

57. The Defendants did not provide Olitsky with a post-deprivation hearing.

58. The Defendants' failure to provide a post-deprivation hearing caused damage to Olitsky and constitutes a violation of his Fourteenth Amendment rights.

59. As a proximate result of Defendants' intentional actions, Olitsky was unable to possess or utilize a firearm for nearly five years.

60. As a proximate result of Defendants' intentional actions, Olitsky has been damaged in an amount to be provided at trial but no less than FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus punitive damages and attorney's fees.

## AS AND FOR A FOURTH CAUSE OF ACTION
## UNCONSTITUTIONAL POLICY OF RETENTION OF SEIZED WEAPONS IN VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT RIGHTS

61. Plaintiffs repeat, reallege and reiterate the allegations in paragraphs one through sixty as if more fully set forth hereat.

62. Olitsky had a protected property interest in his pistol license under the 14th Amendment to the United States Constitution.

63. The Defendants did not have unfettered discretion to suspend the pistol license.

64. The Defendants could not suspend the pistol license except upon a showing of good cause.

65. In practice, the Defendants never provide suspended licensees with an opportunity for a formal hearing until after the completion of the Defendants' investigation.

66. In practice, the Defendants' investigation of suspended licensees often takes years before the investigation is completed.

67. The Defendants' practices are part of an unconstitutional de facto policy which deny licensees a hearing for an indeterminate period which can run years, even if the circumstances which led to the suspension have been remedied or never existed at all.

68. The Defendants' practices are part of an unconstitutional de facto policy which deny legal gun owners the right to possess firearms for an indeterminate period which can run years, even if the circumstances which led to the suspension have been remedied or never existed at all.

69. As a result of the Defendants' unconstitutional policies and practices, Olitsky was deprived of the rights guaranteed to him under the Fourteenth Amendment.

70. As a proximate result of Defendants' unconstitutional policies and practices, Plaintiff has been damaged in an amount to be provided at trial but no less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

# **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully demand the following relief:

a. For compensatory damages against all defendants in an amount to be proved at trial, but no less than THREE MILLION DOLLARS ($3,000,000.00).

b. For exemplary and punitive damages against all defendants in an amount to be proved at trial.

c. For attorneys fees pursuant to 42 U.S.C. §1988 against all defendants.

d. For such other and further relief as this Court may deem just and proper.

Dated:  Lake Success, New York
       January 8, 2024

                Respectfully submitted,

                HARFENIST KRAUT & PERLSTEIN, LLP
                *Attorneys for Plaintiff*
                3000 Marcus Avenue, Suite 2E1
                Lake Success, New York 11042
                (516) 355-9600

    By:    *Neil Torczyner*
                STEVEN J. HARFENIST
                NEIL TORCZYNER